UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HERBERT EDWARD WOODALL,

       Plaintiff,

File No.  2:10-CV-274

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
       _____/

## MEMORANDUM OPINION AND ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action comes before the Court on Plaintiff Herbert Edward Woodall's objections to the Magistrate Judge's June 24, 2011, Report and Recommendation ("R&R") recommending that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits ("DIB") be affirmed.  (Dkt. No. 83, R&R; Dkt. No. 84, Obj.)  This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff objects to essentially every paragraph of the R&R.  Upon *de novo* review, it appears that Plaintiff's objections are based on misconceptions regarding the applicable law.  For example, Plaintiff's objection to the Magistrate Judge's failure to make findings of fact

in accordance with Federal Rule of Civil Procedure 52 is based on a misconception of Rule 52 and of this Court's role under 42 U.S.C. § 405(g). Rule 52 applies to an action tried on the facts. In reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court is required to accept the Commissioner's factual findings as long as they are supported by substantial evidence. Rule 52 simply does not apply to this Court's review under 42 U.S.C. § 405(g).

Plaintiff's contention that the Magistrate Judge did not properly apply the substantial evidence standard is similarly flawed. Plaintiff contends that a proper application of the standard would not support the finding that Plaintiff was able to work in 2002 and 2003. Contrary to Plaintiff's assertions, the Magistrate Judge's failure to find Plaintiff disabled prior to 2003 does not suggest the application of an incorrect standard. The issue of Plaintiff's disability prior to 2003 has already been decided. In a prior action this Court found that the medical evidence supported the Commissioner's finding that Plaintiff was capable of substantial gainful employment in 2002 and 2003. *See Woodall v. Commissioner*, 2:07-CV-27 (W.D. Mich. Mar. 31, 2008). Plaintiff did not appeal that decision, and he has not provided any persuasive justification for reversing it. Accordingly, the Magistrate Judge was correct in accepting the previous finding.

The remainder of Plaintiff's objections are based on his complaint that he received incompetent medical care. He complains that the ALJ and Magistrate Judge relied on the incorrect and/or incomplete reports of Michigan Medical Consultants, Dr. Lelvis, Dr.

Ganzhorn, and Dr. Baritone. (*See* Obj. pp. 4-9.) Plaintiff also objects to any conclusions that may have been based on the lack of medical treatment because he did not have health insurance and could not afford the treatment he needed. Finally, Plaintiff objects to the statement that his nerve damage was not severe enough to be disabling until 2005 because he contends that the objective should be to prevent the nerve damage from progressing to the point of becoming permanent.

Plaintiff has effectively described the difficulties of his situation. Nevertheless, Plaintiff's objections evidence a misunderstanding of the purpose of social security disability benefits and the manner in which the program is administered. The program is not designed to guarantee health care to those who cannot afford medical insurance. Benefits are only available when a person is disabled; they are not available to prevent a person from becoming disabled. Moreover, the burden is on the applicant to prove that he is disabled. *Moon v. Sullivan,* 923 F.2d 1175, 1181 (6th Cir. 1990). Accordingly, the Commissioner is not responsible when there is a lack of medical evidence in the record to support an applicant's assertion that he is disabled. *See Casey v. Sec'y of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). In this case, the evidence on which Plaintiff relies to support his claim of disability prior to 2005 fails to establish disability. The Magistrate Judge thoroughly reviewed the evidence and correctly found that the ALJ's determination that Plaintiff became disabled in 2005 is supported by substantial evidence. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections (Dkt. No. 84) to the June 24, 2011, R&R are **OVERRULED**.

**IT IS FURTHER ORDERED** that the June 24, 2011, R&R (Dkt. No. 83) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for disability insurance benefits is **AFFIRMED**.

**IT IS FURTHER ORDERED** that all of Plaintiff's outstanding motions (Dkt. Nos. 5, 7, 9, 10, 11,12, 13, 14, 15, 16, 17, 19, 21, 23, 24, 26, 28, 29, 32, 34, 38, 50, 52, 53, 54, 56, 57, 58, 59, 65, 73, 74, 75, 76, 77, 78, 79, 80, 86, 90, 96, 98) are **DENIED AS MOOT**.


Dated: August 19, 2011                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              UNITED STATES DISTRICT JUDGE